IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


WILMA FAYE BANKSTON                                    Plaintiff

v.                          4:08CV00286 JMM/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                              Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

       This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

       Plaintiff, Wilma Faye Bankston, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.

       The Court's function on review is to determine whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Commissioner found that Plaintiff was not disabled within the meaning of the Social Security Act. The only issue before this

2

Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 27, 2007, the date of his decision.  (Tr. 23-24)  On February 8, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 55 years old at the time of the hearing.  (Tr. 293)  She is a high school graduate with one year of college.  (Tr. 294)  She has past relevant work as a health records clerk.  (Tr. 68, 306)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical

---

[1]The Hon. David J. Manley.

condition, age, education or work experience.  <u>Id.</u> at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  <u>Id.</u> at § 404.1520(a)(4)(ii).  If not, benefits are denied.  <u>Id.</u>  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  <u>Id.</u> at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  <u>Id.</u>, § 404.1520(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  <u>Id.</u>

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  <u>Id.</u>, § 404.1520(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  <u>Id.</u>

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  <u>Id.</u>, § 404.1520(a)(4)(iv).  If so, benefits are denied.  <u>Id.</u>

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  <u>Id.</u>, § 404.1520(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  <u>Id.</u>

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 17)  He found that Plaintiff had "severe" impairments, major depression, type II

4

diabetes mellitus with neuropathy, arthritis and obesity.  <u>Id.</u>  He determined that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 19)  He judged that Plaintiff's allegations regarding her limitations were not entirely credible.  (Tr. 21)

The ALJ found that Plaintiff retained the residual functional capacity for semi-skilled sedentary work with limited exposure to the public.  (Tr. 20)  He found that she was unable to perform any of her past relevant work.  (Tr. 22)  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, general office clerk and data examination clerk.  (Tr. 23)  Consequently, the ALJ concluded that Plaintiff was not disabled.  <u>Id.</u>

Plaintiff contends that the ALJ failed to consider and evaluate her obesity in making his disability determination.  (Br. 6-8)  In his opinion, the ALJ indicated:

> The claimant is morbidly obese.  In May 2005, she weighed 300 pounds on a 5' 1" frame (Exhibit 4F, p. 4).  She stated that she has gained about 40 pounds since she was placed on insulin.  Impairments caused by morbid obesity will usually be associated with disorders of the musculoskeletal, respiratory, and cardiovascular systems and the advent of such disorders is usually the major cause of disability.  Obesity is a medically determinable impairment and it is properly considered when evaluating disability.  However, as previously noted, she is not taking any pain medications for musculoskeletal type pain in spite of her allegations (Exhibit 10F, p. 1).

(Tr. 18)

5

> She has gained about 40 pounds since she stopped working, and is morbidly obese. Impairments caused by morbid obesity will usually be associated with disorders of the musculoskeletal, respiratory, and cardiovascular systems and the advent of such disorders is usually the major cause of disability. Obesity is a medically determinable impairment and it is properly considered when evaluating disability. I have considered the combined effects of obesity with her other impairments. However, in this case, the claimant's obesity, along with her mild arthritis and mild peripheral neuropathy, does not produce functional limitations to the extent that the claimant is disabled from performing substantial gainful activity.

(Tr. 19) Plaintiff's argument is clearly without merit.

Next, Plaintiff contends that the ALJ's hypothetical question for the vocational expert did not include all of her impairments, specifically her obesity and related exertional limitations. (Br. 8) The ALJ considered Plaintiff's obesity in reaching his residual functional capacity determination, upon which the hypothetical question was based. (Tr. 19-23) He found that her obesity (along with her mild arthritis and mild peripheral neuropathy) did not produce functional restrictions that limited her ability to perform work activity. There is no evidence in the record that Plaintiff's obesity imposed any limitations on her ability to work. Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995); see Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions).

Plaintiff's obesity was a longstanding impairment, and she was capable of performing similar work despite her weight. See Box v.

6

<u>Shalala</u>, 52 F.3d at 171 (claimant had 16 year work history despite weight).  The hypothetical was proper.  Substantial evidence supported the inclusion of certain impairments and the exclusion of others.  <u>See</u> <u>Stout v. Shalala</u>, 988 F.2d 853, 855 (8th Cir. 1993)(hypothetical may omit evidence not substantially supported by record as a whole); <u>Rappoport v. Sullivan</u>, 942 F.2d 1320, 1323 (8th Cir. 1991)(hypothetical question need only include impairments accepted by ALJ as true).

Next, Plaintiff argues that the vocational expert's statements about the availability of jobs in the national economy was based only upon speculation and should not be given any weight.  (Br. 8-12) Plaintiff's attorney was given an opportunity at the hearing to object to the vocational expert's qualifications to testify, but did not raise any objection.  (Tr. 305) He cannot now raise an objection to his testifying as to his opinion.  In addition, it is apparent that the vocational expert's testimony was based, at least in part, on the <u>Dictionary of Occupational Titles</u>.  (Tr. 306-07, 309, 311) Furthermore, Plaintiff's attorney cross-examined the vocational expert about Plaintiff's ability to perform her past relevant work. (Tr. 314-15)  He could have cross-examined about her ability to perform other work as contemplated under Step 5 of the sequential evaluation process, but did not do so.  <u>Id.</u>  Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings.  <u>Weikert v. Sullivan</u>, 977 F.2d 1249, 1254 (8th Cir. 1992); <u>accord</u>, <u>Riggins v. Apfel</u>, 177 F.3d

689, 693 (8th Cir. 1999); <u>White v. Astrue</u>, 2008 WL 565426, at *3
(E.D. Ark.).

Finally, Plaintiff contends that the ALJ erred in failing to
find her disabled at Step 3 of the sequential evaluation process in
accordance with Rule 201.06 of the Medical-Vocational Guidelines.
(Br. 13-14)  Step 3 of the sequential evaluation process involves a
determination of whether the severe impairment(s) meets or equals a
listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii) (2006).  The
Medical-Vocational Guidelines only come into play at Step 5.  <u>See</u>
<u>e.g.</u>, <u>Holley v. Massanari</u>, 253 F.3d 1088, 1093 (8th Cir. 2001);
<u>Reynolds v. Chater</u>, 82 F.3d 254, 258-59 (8th Cir. 1996).  Plaintiff
does not match the criteria of Rule 201.06, which calls for not
transferable skills.  She does not point to any record evidence that
her skills were not transferable.  The vocational expert indicated
that they were transferable.  (Tr. 309-10)  Plaintiff's argument
lacks merit.

It is not the task of this Court to review the evidence and make
an independent decision.  Neither is it to reverse the decision of
the ALJ because there is evidence in the record which contradicts his
findings.  The test is whether there is substantial evidence on the
record as a whole which supports the decision of the ALJ.  <u>E.g.</u>,
<u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>,
956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs,
the ALJ's decision, the transcript of the hearing and the medical and

other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ___1___ day of June, 2009.


_____
UNITED STATES MAGISTRATE JUDGE